IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF VALLEY CARPET LAYERS INDUSTRY TRUST FUNDS, | No. CIV S-07-0187 GEB GGH |
| Plaintiff, | |
| vs. | |
| MACIZO CONTRACT FLOORING, INC., | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff's amended motion for entry of default judgment against defendant Macizo Flooring, Inc., filed June 12, 2007, was vacated from this court's calendar for July 26, 2007, and taken under submission. Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

On January 29, 2007, plaintiff filed the underlying complaint in this action against defendant Macizo Flooring, Inc., alleging defendant had failed to pay contributions to plaintiff in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor-Management Relations Act, 29 U.S.C. § 185, and for failing to

1

submit "remittance reports" wherein defendant was required to calculate obligated contributions to the plan. The summons and complaint were personally served on defendant Macizo Flooring Inc., on February 12, 2007. Fed. R. Civ. P. 4(e)(2). Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant has failed to file an answer or otherwise appear in this action. On March 7, 2007, the clerk entered default against defendant Macizo Flooring, Inc.

The instant motion for default judgment and supporting papers were served by mail on defendant at its last known address. Defendant filed no opposition to the motion for entry of default judgment. Plaintiff seeks an entry of default judgment in the amount of $28,862.60 which includes $2,897 in attorneys' fees, $432.50 in costs, $21,278.58 in unpaid principal contributions, and $4,254.52 in liquidated damages which is 20 percent of the unpaid principal contribution.

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted. Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The declarations filed in support of the application for default judgment also supports the finding that plaintiff is entitled to the damages and fees and costs requested. There are no policy considerations which preclude the entry of default judgment of the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

In view of the foregoing findings, it is the recommendation of this court that plaintiff's motion for entry of default judgment be GRANTED. Judgment should be rendered in the total amount of $28,862.60, which reflects unpaid contributions, liquidated damages, attorneys' fees and costs.

\\\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/30/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Trustees187.def.wpd